ENGLISH *v.* YORE.

PROMISSORY NOTES—CONSIDERATION—LAND CONTRACT—UNDISCLOSED LEASE—INSTRUCTIONS—EVIDENCE.

In an action on a promissory note, the submission to the jury of the question whether it was made as a payment on a land contract, and without consideration because of the undisclosed existence of a lease of the premises, is reversible error, in the absence of evidence that the vendee did not know of the lease, or that the vendor, because of the lease, was prevented from fulfilling the contract.

Error to Berrien; Coolidge, J. Submitted January 24, 1899. Decided March 6, 1899.

*Assumpsit* by Peter English against Patrick Yore on

a promissory note. From a judgment for plaintiff, defendant brings error. Reversed.

*William C. Hicks* (*George W. Bridgman*, of counsel), for appellant.

*Gore & Harvey*, for appellee.

HOOKER, J. The defendant has appealed from a judgment upon a promissory note. This note was made by the plaintiff, payable to the defendant, who indorsed it, and negotiated it at a bank in Benton Harbor. It was afterwards paid by the plaintiff, whose claim is that this was an accommodation note, made at the request of the defendant, and that it was paid by the plaintiff because the defendant refused to pay it. The defendant asserts that this was not an accommodation note, but was made and delivered to him as part payment upon a land contract which the parties had made. The evidence discloses that the land contract was abandoned after the note was made, and that payments previously made upon it were forfeited, and the court and parties appear to have understood that the case should depend upon the circumstances under which the note was given,—if as a loan, the plaintiff should recover; if a payment on the contract, he should not. The court told the jury this explicitly, but he also permitted them to dispose of the case upon other grounds. It appeared upon the trial that the land contracted was owned by Yore, and that, a short time before the contract was made, he had given a lease of the premises to third parties. The court instructed the jury as follows:

"Gentlemen of the jury: In this case there is practically one question of fact,—whether the furnishing of this money was a loan, or was it to be paid on this contract. That is practically the only question under the circumstances developed on this trial. It is claimed by the plaintiff in this cause that under the circumstances it was simply a loan, and that it was not to be applied upon the contract unless the contract was carried out, and that the contract was never carried out. It appears in this case that the contract was practically rescinded by agree-

ment between both the parties, and that Mr. English never took possession practically of the land embraced and described in this contract. It also appears that there was a lease of these premises at the time this contract was made. Now, if Mr. Yore agreed to furnish Mr. English a good title to this land, and this lease existed,—and there is no denial of that fact,—then there was no consideration for this note, unless Mr. English accepted this contract with full knowledge that there was such a lease. I leave that as a question of fact for you to consider. If Mr. English did not accept that contract with that lease,—if he did not understand that these premises were leased for five years,—then, gentlemen, he was not bound to accept this contract at all, and there never was any consideration for this note, and therefore he can recover; that is, there was no consideration, treating it as a payment on the contract, and he can recover on this note. It appears that there was some amicable adjustment of this matter between the parties, and that this contract was entirely rescinded. What was said between the parties with reference to the payment of this $1,000 does not appear in this case on either side, as far as that is concerned. Of course, you will take into account all the circumstances of the case. It is claimed by the plaintiff that this money was not intended to be applied upon that contract unless the contract went through, and the contract fell through, and was rescinded by the act of both parties, and that there was a special reason why the note was given. Ordinarily, when money is paid on a contract, it is indorsed on the contract, or a receipt is given showing that the money is to be indorsed on the contract. In this case it was not done. You have a right to take these facts into consideration as bearing upon the question whether it was agreed that this money should be applied on the contract or not. How it happens that there was a reason for the giving of this note, instead of applying the money on the contract, Mr. Yore claims that there was some understanding afterwards. Of course, you can take that into consideration so far as that is concerned. The questions here are simply questions of fact; no question of law about it."

Jury returned for further instructions. Charge in regard to the lease read by stenographer.

*Court:* "If you find the facts as I state there, you find for the plaintiff. Is that plain enough to you? Unless

Mr. English accepted it with full knowledge that there was a lease, and practically agreed to accept it with the lease, that then there would be a failure of the contract, and this money could not apply on the contract; the note would be good. Of course, if Mr. English accepted the contract knowing all about the lease, and took it with the lease, then that principle would not apply; then the other question would arise in the case. I charged you in regard to that, you recollect. Unless Mr. English accepted that contract knowing that there was a lease, and accepted it with the lease, there would be a failure of consideration, and he would not be obliged to take the land, and this money could not be applied on the contract at all."

The defendant complains of this charge, and says that there was no evidence or claim that the plaintiff did not know about the Randall-Lane lease.

There are two theories, upon either of which the verdict may have been based: (1) The jury may have believed that the plaintiff's version was true, and the note given as a loan. If we could know that this view was taken, the other question would be unimportant. But we cannot know this. (2) They may have believed the defendant's statement that it was agreed to be a payment, and yet found a verdict for the plaintiff upon the ground that the contract failed by reason of his ignorance of the Randall-Lane lease. The Randall-Lane lease might or might not have prevented the defendant from performing his contract. The agreement was not necessarily void, and, until the plaintiff showed himself entitled to refuse to carry it out, it cannot be said that his payments were without consideration. The defendant testified that the plaintiff knew of this lease, and nothing indicates that any fault was found about it, or that the contract was abandoned on account of the lease, but it is apparent that other reasons caused it to be canceled by the parties. We find nothing in the record to justify the submission of this question to the jury.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.